IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0316-LMM-AJB |
| CHARLES ANTHONY GARNER, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [41] recommending that Defendant Charles Anthony Garner's Motion to Suppress [12] evidence and statements derived from Defendant's traffic stop on March 4, 2015, be denied. Defendant has filed timely objections [44] to the R&R.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendant filed timely objections to the R&R with respect to its findings regarding and analysis of Defendant's motion to suppress evidence, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis.

According to Defendant, "any evidence recovered from the search of his vehicle and any inculpatory statements derived from this search must be suppressed" for the reasons explained in his Motion [12] and his Response to the Government's Post-Hearing Brief [36]. Dkt. No. [44]. Upon review of the record and due consideration, the Court **ADOPTS** the Magistrate Judge's R&R [41] as the findings of this Court.

In the R&R, the Magistrate Judge addressed the arguments Defendant raised in his Motion and his Post-Hearing Response Brief. The Court finds that the Magistrate Judge correctly concluded that Officer Wade had reasonable suspicion to perform a traffic stop on the Honda that Defendant was driving because she observed a starburst or spiderweb crack in the windshield. Dkt. No. [41] at 13; O.C.G.A. § 40-8-73(e). Because the stop was lawful, Defendant's "fruit of the poisonous tree" arguments fail. Officer Wade's command to Defendant to reenter the Honda was lawful. Dkt. No. [41] at 16; United States v. Clark, 337 F.3d 1282, 1288 (11th Cir. 2003). When Defendant disregarded that command and ran away, (1) there was probable cause to arrest him for obstruction, O.C.G.A. § 16-10-24(a), and (2) he voluntarily abandoned any privacy interest in the Honda. United States v. Falsey, 566 F. App'x 864, 866-68 (11th Cir. 2014). Thus, the search incident to Defendant's arrest was lawful, and the shotgun shells discovered in Defendant's pocket were lawfully seized. Additionally, the Defendant has no standing to challenge the search of the Honda that revealed two loaded shotguns.

Because Defendant was lawfully arrested and searched, and he cannot challenge the search of the Honda, his post-arrest statements given to law enforcement approximately ninety minutes after his arrest were not tainted by any unlawful search and arrest, and are not inadmissible on Fourth Amendment grounds.

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [41] as the findings of this Court. Defendant's Motion to Suppress Evidence [12] is **DENIED.**

The trial in this action is hereby set to begin on Monday, June 6, 2016, at 9:30 AM in Courtroom 2107. The pretrial conference will be held on Wednesday, May 25, 2016, at 9:30 AM in Courtroom 2107. By noon on Thursday, May 12, 2016, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Thursday, May 12, 2016, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire.* By noon on Thursday, May 19, 2016, the parties are to file any objections to those items listed above.

Excludable time is allowed through June 3, 2016, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are

consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 2nd day of May, 2016.

*/s/ Leigh Martin May*
**Leigh Martin May**
**United States District Judge**